11-1663-cv
*Desir v. Bd. of Cooperative Educ. Servs.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
    RAYMOND J. LOHIER, JR.,
      *Circuit Judges*,
   J. GARVAN MURTHA,
      *District Judge.*\*

_____

PAUL DESIR,

      *Plaintiff-Appellant*,

  -v.-         11-1663-cv

BOARD OF COOPERATIVE EDUCATIONAL SERVICES (BOCES) NASSAU COUNTY, JAMES D. MAPES, ROBERT LOMBARDI, SANDRA TEDESCO, JOHN GANGEMI,

      *Defendants-Appellees.*

_____

FOR APPELLANT:  Allen E. Wolin, Wolin & Wolin, Jericho, NY.

FOR APPELLEE:  Samantha Velez, (Lewis R. Silverman, *on the brief*), Rutherford & Christie, LLP, New York, NY.

---

\* Judge J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York be **AFFIRMED**.

Plaintiff-Appellant Paul Desir appeals from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*), granting Defendants' motion for summary judgment in Plaintiff's race discrimination suit under Title VII of the Civil Rights Act of 1964, New York Executive Law §§ 296, 297, and 42 U.S.C. § 1983.

To withstand a summary judgment motion on a Title VII discrimination claim, the plaintiff must first show that: "(1) []he is a member of a protected class; (2) []he is qualified for [his] position; (3) []he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). This burden is "minimal." *Collins v. N.Y. City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002). If the plaintiff satisfies his minimal burden of establishing a prima facie case of discrimination, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for the adverse action." *Norville*

*v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999).  If the defendant does so, then the plaintiff must prove "that the articulated justification is in fact a pretext for discrimination."  *Id.*  The tests for a discrimination claim under New York law and § 1983 are the same as that under Title VII.  *See Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1045-46 (2d Cir. 1992).

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Upon such review, we affirm for substantially the same reasons set forth in the district court's thorough Memorandum and Order.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3